UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERARDO JAQUEZ SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:11-cv-657-M |
| | § | |
| BANK OF AMERICA CORPORATION d/b/a | § | |
| FIA CARD SERVICES and REGENT & | § | |
| ASSOCIATES LLP, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Remand [Docket Entry #9] filed by Plaintiff Gerardo Jaquez Sr. For the reasons stated below, the Motion is **GRANTED**.

### I. BACKGROUND

On November 29, 2010, Jaquez filed this lawsuit in state court against Defendants Bank of America Corporation d/b/a FIA Card Services ("FIA") and Regent & Associates LLP, asserting claims for invasion of privacy and violations of the Fair Debt Collection Practices Act (FDCPA) and Texas Debt Collection Act (TDCA). On December 23, 2010, FIA was served with process. According to Jaquez, multiple unsuccessful attempts were made to personally serve Regent's registered agent for service. On February 10, 2011, Jaquez filed a motion for substituted service, requesting to serve Regent's agent by leaving a copy of the citation with a person over the age of sixteen at Regent's place of business. On February 15, the state court granted Jaquez's motion, and on March 2, 2011, Regent was served with process. On March 31, 2011, Regent removed this case to this Court. Although Regent's Notice of Removal did not

include a statement of FIA's consent, FIA filed a Notice of Consent to Removal on April 1, 2011. On April 20, 2011, Jaquez moved to remand, seeking recovery of costs, expenses, and attorney fees incurred in the removal process.

II. ANALYSIS

A. Remand—Timeliness of Removal

Jaquez's sole ground for remand is that removal of this case was untimely because it was removed more than thirty days after service was effected on the first-served defendant, FIA. The removal statute states that "[t]he notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based." 28 U.S.C. § 1446(b) (2006). "In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262–63 (5th Cir. 1988). This rule is a logical extension of the unanimity requirement—the requirement that all served defendants must consent to removal—because otherwise the first-served defendant who fails to remove within the thirty-day period would have additional bites at the removal apple. *See Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986). However, "even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served," removal might be permitted in "exceptional circumstances," such as where the plaintiff delayed naming the second-served defendant in bad faith to prevent removal. *Id.*

Here, the thirty-day removal period began on December 23, 2010, when FIA was served. Regent filed its notice of removal on March 31, 2011, well after the removal period expired. Nevertheless, Regent invites the Court to follow the "modern trend" in case law from the Sixth,

Eighth, and Eleventh Circuits, which have held that each defendant is permitted its own thirty-day removal period. However, this Court must ignore the latest trends in favor of binding Fifth Circuit precedent. Thus, the only issue for the Court to determine is whether this case presents "exceptional circumstances" permitting removal after the expiration of the thirty-day removal period.

Regent first contends that this case is exceptional because it had no control over when it was served with process, and that facing remand due to Jaquez's staggered service of process is inherently unfair. However, the Fifth Circuit addressed and rejected similar arguments of unfairness in *Brown v. Demco, Inc.*:

> [W]e do not perceive the suggested unfairness to the subsequently added defendant who is merely not granted an opportunity that might have been available to others. A defendant who is added to a case in which a co-defendant has failed to seek removal is in no worse position than it would have been in if the co-defendant had opposed removal or were domiciled in the same state as the plaintiff.

792 F.2d at 482. As the above-quoted language demonstrates, the fact that a defendant's right to removal may depend on the decisions of other defendants is in no way exceptional, but rather is inherent in the nature of removal jurisdiction.

The Court is similarly unpersuaded by Regent's bald assertion that the staggered service in this case was a deliberate, bad faith decision by Jaquez to prevent removal. In both the Motion to Remand, filed in this Court, and the motion for substituted service, filed in state court, Jaquez states that the delay in service was due to several unsuccessful attempts to serve Regent's registered agent. Further, that assertion was supported in state court by the sworn affidavit of the process server who made those unsuccessful attempts. Thus, Regent's conjecture regarding the "possibility of bad faith on the part of [Jaquez]" is without support.

Regent has not demonstrated the existence of exceptional circumstances necessitating the Court's departure from the general rule that, in multiple defendant cases, the thirty-day removal period begins to run as soon as the first defendant is served. Remand is thus proper in this case.

B.  Costs, Expenses, and Attorney Fees

Jaquez seeks costs, expenses, and attorney fees incurred as a result of Regent's removing this case. The removal statute states that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). In determining whether to award fees under § 1447(c), "the question [the Court] consider[s] . . . is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). This standard is purely objective—the Court may award fees "even if removal is made in subjective good faith." *Id.* at 292.

Here, the defendant's belief that removal was proper, even if held in good faith, was not objectively reasonable. As the Court has already indicated, it is not reasonable to expect that this Court would abandon Fifth Circuit precedent in favor of the "modern trend" developing in other circuits. This Court is bound by the holdings of the Fifth Circuit.

Nor is it reasonable to believe that this Court would find this case to present exceptional circumstances preventing remand, simply because of the perceived unfairness of a rule under which a defendant's right to remove can be altered by circumstances beyond that defendant's control. The Fifth Circuit has addressed and rejected this exact argument in the context of defendants who are joined after the first defendant has failed to remove within the thirty-day period. It is not reasonable to believe that this Court could or would reach a different conclusion here, where the removing defendant was served after the thirty-day removal period expired.

Finally, Regent's allegations of bad faith do not make its belief in the propriety of removal reasonable. Although the Fifth Circuit has expressly listed a plaintiff's bad faith efforts to prevent removal as an example of exceptional circumstances permitting untimely removal, *see Brown*, 792 F.2d at 482, a defendant's unsupported assertion of bad faith on the part of the plaintiff cannot create objectively reasonably grounds for removal where none otherwise exist. This is especially so here, as Regent has not disputed the actual facts comprising Jaquez's explanation for the staggered service in this case, but instead has merely speculated about the "possibility of bad faith on the part of Plaintiff."

For these reasons, the Court concludes that Regent did not have objectively reasonable grounds to believe removal was proper in this case, and Jaquez is therefore entitled to payment of "[attorney] fees and costs incurred in federal court that would have not have been incurred had the case remained in state court." *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997). Within fourteen days of the date of this Opinion, Plaintiff shall file with the Court proof of such attorney fees and costs.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand is **GRANTED**. This case is hereby **REMANDED** to the District Court of the 40th Judicial District, Ellis County, Texas. However, this Court retains jurisdiction solely to determine the amount and order payment of Plaintiff's attorney fees and costs.

**SO ORDERED**.

May 9, 2011.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS